1

2

3                                                                          O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   AMY NELSON,                    )   Case No. CV 09-07722 DDP (JEMx)
                                    )
12              Plaintiff,          )   **ORDER TO SHOW CAUSE WHY THE COURT**
                                    )   **SHOULD NOT SANCTION DEFENDANTS'**
13       v.                         )   **COUNSEL PURSUANT TO FEDERAL RULE**
                                    )   **OF CIVIL PROCEDURE 11(b), 28**
14   BALUBHAI PATEL AND SARDABEN    )   **U.S.C. § 1927, OR THE COURT'S**
     PATEL, individually and        )   **INHERENT AUTHORITY**
15   doing business as VINE LODGE   )
     HOTE; JUAN LUGO and TAMMY      )
16   LUGO,                          )
                                    )
17              Defendants.         )
     _____)

18

19   **I.    INTRODUCTION**

20       The Court orders Defendants' counsel Frank A. Weiser to show

21   cause why he should not be sanctioned pursuant to Federal Rule of

22   Civil Procedure 11(b), 28 U.S.C. § 1927, or the Court's inherent

23   authority for: (1) filing a frivolous notice of removal; (2) filing

24   a notice of removal for the purpose of delaying pending state court

25   proceedings; (3) raising frivolous legal arguments in opposition to

26   Plaintiff's motion for remand; (4) failing to notify the Court of

27   controlling authority directly adverse to his clients' position

28   that removal under 28 U.S.C. 1443(1) is proper; (5) asserting on

1   the Notice of Interested Parties that he "is unaware at this time
2   of any insurance carrier which may be liable in whole or in part .
3   . . for a judgment that may be entered in this action or for the
4   cost of defense" despite having filed a Cross-Complaint naming
5   Defendants' insurer, Century Surety Company, as a cross-defendant;
6   and (6) acting in bad faith with respect to each of these acts or
7   omissions.

8

9   II.   **BACKGROUND**

10        A.   **Factual History Concerning Removal**

11        On October 9, 2008, the plaintiff Amy Nelson ("Plaintiff")
12   filed suit in California Superior Court for the County of Los
13   Angeles against the defendants Balubhai Patel and Sardaben Patel,
14   individually and doing business as Vine Lodge Hotel, Juan Lugo, and
15   Tammy Lugo (collectively "Defendants"), alleging causes of action
16   for assault, battery, negligent entrustment, negligent employment
17   and retention, and premises liability. (Notice of Removal Ex. A,
18   Compl.) Plaintiff asserts that service of process was effectuated
19   on Balubhai Patel and Sarbaden Patel on October 25, 2008. (Pl.'s
20   Mot. for Remand 2:3-7.)

21        Due to Defendants' alleged failure to comply with various
22   discovery-related orders, Plaintiff filed a motion for terminating
23   sanctions, a hearing on which was scheduled to be held on October
24   27, 2009. Days prior to the hearing and approximately one year
25   after litigation had commenced, Defendants filed a notice of
26   removal on October 23, 2009, averring two bases for subject matter
27   jurisdiction.

28

1    First, notwithstanding the fact that all parties apparently

2   reside in Los Angeles County, Mr. Weiser asserted that this Court

3   has diversity jurisdiction under 28 U.S.C. § 1332 because the

4   Defendants were not born in the United States.  (Notice of Removal

5   ¶¶ 15, 17-19.)

6    Second, Mr. Weiser asserts the Court has jurisdiction under 28

7   U.S.C. § 1443(1), a statute permitting removal where the state in

8   which the action was filed has enacted a statute or constitutional

9   provision commanding state courts to ignore federal protections of

10   equal racial civil rights.[1]  Mr. Weiser argues removal is

11   appropriate under § 1443(1) because "the jury pool of Los Angeles

12   County Superior Court and other county seats in the State of

13   California underrepresents [sic] the class represented by

14   defendants; namely, Asian-Indians" and that, as a result

15   "defendants will be deprived of their constitutional right to a

16   fair trial on the matter in violation of the Equal Protection

17   Clause of the Fourteenth Amendment of the United States

18   Constitution."  (Notice of Removal ¶ 11-12.)

19   **B.   History of Removing Cases Under 28 U.S.C. § 1443(1)**

20

21

---

22    [1] The Ninth Circuit has held that "[a] petition for removal
23   under § 1443(1) must satisfy a two part-test articulated by the
     Supreme Court in Georgia v. Rachel and City of Greenwood, Miss v.
24   Peacock."  Patel v. Del Taco, Inc., 446 F.3d 996, 998 (9th Cir.
     2006) (citations omitted).  "'First, the petitioners must assert,
25   as a defense to the prosecution, rights that are given to them by
     explicit statutory enactment protecting equal racial civil
26   rights.'"  Id. (quoting Cal. v. Sandoval, 434 F.2d 635, 636 (9th
     Cir. 1970)).  "'Second, petitioners must assert that the state
27   courts will not enforce that right, and that allegation must be
     supported by reference to a state statute or a constitutional
28   provision that purports to command the state courts to ignore the
     federal rights.'"  Id. (quoting Sandoval, 434 F.2d at 636).

3

1    This is not the first case in which Mr. Weiser has filed a

2    frivolous notice of removal under 28 U.S.C. § 1443(1).  District

3    courts within the Ninth Circuit have remanded cases Mr. Weiser

4    frivolously removed under section 1443(1) on at least six occasions

5    since 2004, with the Ninth Circuit affirming twice in unpublished

6    dispositions and once in a published opinion.[2]

7    Patel v. Del Taco, Inc., 446 F.3d 996, 998 (9th Cir. 2006),

8    appears to have been the fourth case of Mr. Weiser's since 2004 in

9    which a district court within the Ninth Circuit remanded due to Mr.

10   Weiser's frivolous removal under section 1443(1) and the third such

11   case in which remand was affirmed on appeal. See Cal. v. Dawodu,

12   122 Fed. Appx. 884, 2004 WL 2943823, at *2 (9th Cir. Dec. 21,

13   2004); Inland Valley Dev. Agency v. Patel, 116 Fed. Appx. 98, 2004

---

15   [2]For Ninth Circuit cases, see Del Taco, 446 F.3d at 998
16   (affirming remand and award of $9,767 in attorney's fees because
     there was "no objectively reasonable basis for removal" under
17   section 1443(1)); Cal. v. Dawodu, 122 Fed. Appx. 884, 2004 WL
     2943823, at *2 (9th Cir. Dec. 21, 2004) (affirming remand for
18   failing to show a state statute or constitutional provision
     purporting to direct state courts not to enforce federally
19   protected civil rights); Inland Valley Dev. Agency v. Patel, 116
     Fed. Appx. 98, 2004 WL 2473886, at *2 (9th Cir. Nov. 4, 2004)
20   (affirming remand because "charges that the defendant is unable to
     obtain a fair trial in a particular state court are insufficient to
21   support removal pursuant to section 1443(1)") (internal citation
     and quotation marks omitted).
22       For district court cases, see City of Santa Rosa v. Patel, No.
     C-07-3528 MMC, 2007 WL 2790687, at *3-5 (N.D. Cal. Sep. 25, 2007)
23   (sanctioning Mr. Weiser $4,875 under 28 U.S.C. § 1927 and the
     court's inherent authority for filing a frivolous notice of removal
24   under section 1443(1) on the same theory Mr. Weiser asserts here);
     Huang v. Chuang, No. CV 06-7777 DSF (FFMx) (C.D. Cal. 2007)
25   (entering judgment of dismissal against Mr. Weiser's client after
     Mr. Weiser apparently failed to answer an order to show cause why
26   the case should not be remanded, among other reasons, for lack of
     subject matter jurisdiction under section 1443(1)); Cal. v. Bhakta,
27   No. CV 04-2356 DSF (AJWx) (C.D. Cal. 2004) (remanding for lack of
     jurisdiction under section 1443(1) and awarding $5,205 in
28   attorney's fees under 28 U.S.C. § 1447(c)).

1   WL 2473886, at *2 (9th Cir. Nov. 4, 2004); <u>Bhakta</u>, No. CV 04-2356

2   DSF (AJWx) (C.D. Cal. 2004).

3

4       In <u>Del Taco</u>, the Ninth Circuit held that Mr. Weiser's removal

5   under section 1443(1) was improper because the plaintiffs "point to

6   no formal expression of state law that prohibits them from

7   enforcing their civil rights in state court nor do they point to

8   anything that suggests that the state court would not enforce their

9   civil rights in the state court proceedings."  446 F.3d at 999.  To

10  the contrary, the court upheld an award of attorney's fees under

11  section 1447(c) because there was "no objectively reasonable basis

12  for removal."  <u>Id.</u>; 28 U.S.C. § 1447(c) ("An order remanding the

13  case may require payment of just costs and any actual expenses,

14  including attorney fees, incurred as a result of the removal.").

15      The Ninth Circuit's published opinion in <u>Del Taco</u> does not

16  appear to have deterred Mr. Weiser from filing notices of removal

17  under section 1443(1) without pointing to a formal expression of

18  state law depriving his clients of a federally protected civil

19  right.

20      In <u>City of Santa Rosa v. Patel</u>, No. C-07-3582 MMC, 2007 WL

21  2790687, at *1 (N.D. Cal. Sep. 25, 2007), Mr. Weiser filed a notice

22  of removal two years after litigation had commenced and one week

23  prior to the scheduled trial date.  Mr. Weiser asserted that

24  removal under section 1443(1) was proper, among other reasons,

25  because his clients "would not receive a fair jury trial as there

26  is an underrepresentation of minority jurors and especially jurors

27  of Asian-Indian descent in Sonoma County for purposes of the jury

28  pool."  <u>Id.</u>  The court remanded sua sponte and later sanctioned Mr.

Weiser $4,875 under 28 U.S.C. § 1927 and the court's inherent

authority.  Id. at *3-5.  In doing so, the court found that the

removal under section 1443(1) "was vexatious and frivolous."  Id.

at *3.  The court also noted that "given that counsel for

defendants herein was counsel for the removing party in Patel v.

Del Taco . . . counsel acted with knowledge of, and in disregard

of, such unambiguous and binding authority."  Id.  As a result, the

court concluded that Mr. Weiser's "decision to, again, remove a

case under § 1443(1) and, again, fail to cite the requisite

California law exceeds objective unreasonableness and rises to the

level of subjective bad faith."  Id. at *4.

       In total, Mr. Weiser's repeated removals under section 1443(1)

have cost him $4,875 in sanctions and his clients $14,972 in

attorney's fee awards.  See Del Taco, 446 F.3d at 998 (affirming

award of $9,767 in attorney's fees); City of Santa Rosa, 2007 WL

2790687, at *1 (imposing $4,875 in sanctions on Mr. Weiser);

Bhakta, No. CV 04-2356 DSF (AJWx) (C.D. Cal. 2004) (awarding $5,205

in attorney's fees).

       **C.   Mr. Weiser's Opposition to Plaintiff's Motion for Remand**

       On November 24, 2009, Plaintiff filed a Motion for Remand,

arguing that the Court lacks subject matter jurisdiction and

requesting that Mr. Weiser be sanctioned for filing a frivolous

notice of removal under section 1443(1).  (Mot. 1:11-15.)  In

opposition to Plaintiff's motion, Mr. Weiser re-hashes the same

arguments he made in Del Taco and in City of Santa Rosa and argues

that sanctions are inappropriate because he has articulated an

objectively reasonable basis for removal under section 1443(1).

(Opp. 5-7.)  Notably, Mr. Weiser's opposition fails to cite Del

1   <u>Taco</u>, 446 F.3d at 999, a case directly adverse to Defendants'

2   argument in favor of removal.

3

4        **D.   Notice of Interested Parties**

5        In conjunction with filing a notice of removal, Mr. Weiser

6   filed a Notice of Interested Parties, indicating that "[c]ounsel of

7   record is unaware at this time of any insurance carrier which may

8   be liable in whole or in part (directly or indirectly) for a

9   judgment that may be entered in this action or for the cost of

10  defense." (Notice of Interested Parties 2:7-12.)  Plaintiff,

11  however, argues in her motion for remand that Defendants filed a

12  cross-complaint in state court "naming plaintiff and the insurance

13  company (Century Surety Company) for the defendants as cross

14  defendants."  (Mot. 2:13-16.)

15

16  **III. LEGAL STANDARD**

17       A district court may impose sanctions sua sponte.  <u>Foster v.</u>

18  <u>Wilson</u>, 504 F.3d 1046, 1053 (9th Cir. 2007); <u>see</u> <u>also</u>, <u>In re Itel</u>

19  <u>Sec. Litig.</u>, 791 F.2d 672, 675 (9th Cir. 1986).  The Court must,

20  however, provide the person to be sanctioned with notice and an

21  opportunity to respond.  <u>Foster</u>, 504 F.3d at 1053; <u>see</u> <u>also</u>,

22  <u>Navellier v. Sletten</u>, 262 F.3d 923, 943 (9th Cir. 2001).

23       **A.   Federal Rule of Civil Procedure 11**

24       All pleadings and other motions filed with a court must be

25  signed by an attorney or the unrepresented party, certifying that

26  "to the best of the person's knowledge, information, and belief,

27  formed after an inquiry reasonable under the circumstances": (1)

28  the paper is not presented for an improper purpose; (2) the claims

                                    7

1   have a valid legal basis; and (3) there is factual support for the

2   allegations.  Fed. R. Civ. P. 11(b).  Under Rule 11 of the Federal

3   Rules  of  Civil  Procedure,  a  court  may  impose  sanctions  upon

4   attorneys or unrepresented parties for submitting papers to a court

5   that are frivolous, legally unreasonable, baseless, or filed for an

6   improper purpose, such as causing unnecessary delay.  Simpson v.

7   Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir. 1996).

8        An attorney may be sanctioned under Rule 11 for presenting to

9   the court "claims, defenses, and other legal contentions . . .

10  [not] warranted by existing law or by a nonfrivolous argument for

11  the extension, modification, or reversal of existing law or the

12  establishment of new law . . . ."  Fed. R. Civ. P. 11(b)(2).  "The

13  standard governing both the 'improper purpose' and 'frivolous'

14  inquiries is objective."  G.C. & K.B. Investments, Inc. v. Wilson,

15  326 F.3d 1096, 1109 (9th Cir. 2003) (internal citation and

16  quotation marks omitted).  "The subjective intent of the movant to

17  file a meritorious document is of no moment."  Id. (internal

18  citation and quotation marks omitted).

19       **B.   28 U.S.C. § 1927**

20       Pursuant to 28 U.S.C. § 1927, "[a]ny attorney . . . who so

21  multiplies the proceedings in any case unreasonably and vexatiously

22  may be required by the court to satisfy personally the excess

23  costs, expenses, and attorney's fees reasonably incurred because of

24  such conduct."  A finding of recklessness suffices for courts to

25  issue sanctions under section 1927.  Fink v. Gomez, 239 F.3d 989,

26  993 (9th Cir. 2001); see also B.K.B. v. Maui Police Dept., 276 F.3d

27  1091, 1107 (9th Cir. 2002).

28  ///

1    **C.    Inherent Authority**

2    Courts also have inherent power to issue sanctions: "[c]ourts

3    of justice are universally acknowledged to be vested, by their very

4    creation, with power to impose silence, respect, and decorum, in

5    their presence, and submission to their lawful mandates.  <u>Chambers</u>

6    <u>v. NASCO, Inc.</u>, 501 U.S. 32, 43 (1991) (internal quotations

7    omitted).  Conduct that is "tantamount to bad faith" is

8    sanctionable.  <u>B.K.B.</u>, 276 F.3d at 1108 (quoting <u>Roadway Express,</u>

9    <u>Inc. v. Piper</u>, 447 U.S. 752, 767 (1980)).  "Bad faith" is "present

10   when an attorney knowingly or recklessly raises a frivolous

11   argument, or argues a meritorious claim for the purpose of

12   harassing an opponent."  <u>Id.</u> at 1107.

13

14   **IV.   DISCUSSION**

15   **A.    Notice of Removal**

16   Mr. Weiser's Notice of Removal fails to satisfy the

17   requirements of either 28 U.S.C. §§ 1332 or 1443(1).

18   For purposes of diversity jurisdiction, an individual is

19   considered a citizen of a state if (1) she is a citizen of the

20   United States or a lawful permanent resident and (2) that state is

21   her state of domicile.  28 U.S.C. § 1332(a); <u>see</u> <u>Kanter v. Warner-</u>

22   <u>Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001).  "A person's

23   domicile is her permanent home, where she resides with the

24   intention to remain or to which she intends to return." <u>Kanter</u>, 265

25   F.3d at 857 (citation omitted).  The fact that Defendants were born

26   abroad is wholly irrelevant to establishing complete diversity of

27   citizenship under section 1332(a).

28

1     In order to establish that removal is proper under section

2  1443(1), a defendant must allege the existence of a "state statute

3  or constitutional provision that purports to command the state

4  courts to ignore federal rights." <u>Del Taco</u>, 446 F.3d at 998

5  (quoting <u>Sandoval</u>, 434 F.2d at 636).  Defendants have failed to

6  allege the existence of a formal expression of state law purporting

7  to deprive Defendants of federally protected civil rights.  <u>See</u>

8  <u>City of Santa Rosa</u>, 2007 WL 2790687, at *2.

9     Finally, it appears that Mr. Weiser filed this notice of

10  removal in order to delay pending state court proceedings and to

11  harass his opponent.  Plaintiff argues that a motion for

12  terminating sanctions was set for a hearing on October 27, 2009,

13  and that Defendants' Notice of Removal was filed in order to delay

14  that hearing.  (Mot. 2:17-3:2.)  Mr. Weiser did not respond to this

15  allegation in the opposition he filed.

16     The Court therefore orders Mr. Weiser to show cause why his

17  removal on the basis of sections 1332 and 1443(1) should not

18  subject him to sanctions under (1) Rule 11(b) for raising

19  frivoluos, legally unreasonable, or baseless arguments and for

20  filing a Notice of Removal for an improper purpose, such as causing

21  unnecessary delay; (2) 28 U.S.C. § 1927 for recklessly multiplying

22  the proceedings in this case unreasonably and vexatiously; and (3)

23  the Court's inherent authority for acting in bad faith by knowingly

24  or recklessly raising frivolous arguments.

25  **B.   Opposition to Motion for Remand**

26     In opposition to Plaintiff's motion for remand, Mr. Weiser yet

27  again raised frivolous legal arguments that removal under section

28  1443(1) was objectively reasonable.  For the reasons set forth

1  above, the Court orders Mr. Weiser to show cause why this conduct

2  should not subject him to sanctions under (1) Rule 11(b) for

3  raising frivolous, legally unreasonable, or baseless arguments and

4  for filing a Notice of Removal for an improper purpose, such as

5  causing unnecessary delay; (2) 28 U.S.C. § 1927 for recklessly

6  multiplying the proceedings in this case unreasonably and

7  vexatiously; and (3) the Court's inherent authority for acting in

8  bad faith by knowingly or recklessly raising frivolous arguments.

9      **C.   Failure to Cite _Del Taco_**

10     In his opposition to Plaintiff's motion for remand, Mr. Weiser

11  failed to cite _Del Taco_, 446 F.3d at 998, a binding case materially

12  adverse to his clients' position that removal under 1443(1) is

13  objectively reasonable.

14     Under ABA Model Rule 3.3(a)(2), a lawyer shall not knowingly

15  "fail to disclose to the tribunal legal authority in the

16  controlling jurisdiction known to the lawyer to be directly adverse

17  to the position of the client and not disclosed by opposing

18  counsel."  Failing to notify the Court of adverse, binding

19  authority also violates California Rule of Professional Conduct 5-

20  200(A), which provides that a lawyer "shall employ for the purpose

21  of maintaining the causes confided to the member such means only as

22  are consistent with the truth."  _See_ _Batt v. San Francisco_, 155

23  Cal. App. 4th 65, 82 n.9 (2007) (criticizing attorney for failing

24  to cite adverse authority, citing Cal. Rule of Prof. Conduct 5-

25  200(A) and ABA Model Rule 3.3(a)(2)).

26     Attorneys practicing in this judicial district are charged

27  with complying "with the standards of professional conduct required

28  of members of the State Bar of California and Contained in the

1   State Bar Act, the Rules of Professional Conduct of the State Bar

2   of California, and the decisions of any court applicable thereto."

3   C.D. Cal. L.R. 83-3.1.2.   "These statutes, rules and decisions are

4   hereby adopted as the standards of professional conduct, and any

5   breach or violation thereof may be the basis for the imposition of

6   discipline."   Id.   The ABA Model Rules of Professional Conduct are

7   appropriately considered for guidance.   Id.   Discipline for

8   violating standards of professional conduct may consist of

9   disbarment, suspension not to exceed three years, public or private

10  reproval, and/or monetary penalties.   C.D. Cal. L.R. 83-3.1.3.

11       The Court orders Mr. Weiser to show cause why he should not be

12  sanctioned or otherwise disciplined pursuant to the Court's

13  inherent authority for failing to cite Del Taco, 446 F.3d at 998, a

14  case in which Mr. Weiser was also counsel of record and which is

15  binding and adverse to his clients' position.

16       **D.   Notice of Interested Parties**

17       Mr. Weiser signed a Notice of Interested Parties, attesting

18  that he was "unaware at this time of any insurance carrier which

19  may be liable in whole or in part . . . for a judgment that may be

20  entered in this action or for the cost of defense," apparently

21  despite having filed a cross-complaint naming Defendants' insurer,

22  Century Surety Company, as a cross-defendant.   (See Notice of

23  Interested Parties; Mot. 2 n.1.)

24       Accordingly, the Court orders Mr. Weiser to show cause why he

25  should not be sanctioned under Rule 11(b) or the Court's inherent

26  authority for signing a Notice of Removal with no basis in fact and

27  doing so in bad faith.

28

12

**V.    CONCLUSION**

Mr. Weiser is hereby ordered to show cause in writing no later than Friday, January 8, 2010, why he should not be sanctioned under Federal Rules of Civil Procedure 11(b), 28 U.S.C. § 1927, and the Court's inherent authority for the conduct described above. Plaintiff must file any written response to this Order to Show Cause no later than Friday, January 8, 2010.  In addition, Mr. Weiser and counsel for Plaintiff are ordered to appear personally at an Order to Show Cause hearing at ten o'clock a.m. on Monday, January 11, 2010.

IT IS SO ORDERED.


Dated: December 22, 2009

DEAN D. PREGERSON
United States District Judge

13